[No. 23245.  Department One.  August 27, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Bert Van Moss, Appellant,* v. ROY L. SAILORS, *as Mayor of the City of Longview, Respondent.*[1]

*Atwell & Moore,* for appellant.
*Fisk & McCarthy,* for respondent.

HOLCOMB, J.—This action was brought by appellant, as relator, against respondent, as mayor of Longview, Washington, to compel respondent, as mayor, by mandate to appoint relator to the office of police judge of that city.

The petition of relator for the writ alleges that respondent is mayor of Longview, a city of the third class having a population of more than five thousand, and that respondent had been elected mayor at the city election held on December 6, 1930.  On January 6, 1931, respondent, as mayor, appointed the various officers of the city of Longview, and, among others, appointed one Mark P. Kerr to the office of police

[1]Reported in 2 P. (2d) 725.

judge of the city. It is alleged that Kerr is not the regularly elected justice of the peace of Longview precinct, city of Longview, present within that city and not under any disability within the contemplation of Rem. Comp. Stat., § 9143, he having been defeated for the office of justice of the peace by relator in the primary election of September 9, 1930, and again as a sticker candidate in the general election of November 5, 1930; but that, during all the times mentioned in the petition, relator was and is the only regular elected justice of the peace within that city and not under any disability; that relator had received a certificate of election as justice of the peace, and had duly and regularly filed his bond and taken his oath of office and had entered into office as such justice of the peace; that relator is, and has been at all times mentioned, a citizen of the United States and of the state, and at all times a duly qualified elector of the city of Longview.

It is then alleged that demand had been made by relator upon respondent, as mayor of Longview, for the appointment of relator to the office of police judge of Longview, but that respondent had refused and continued to refuse to make such appointment. It is alleged that the salary of the office of police judge of Longview, as fixed by ordinance of the city, is twelve hundred dollars per annum, payable in equal monthly installments, and that, by reason of the failure to make the appointment of petitioner as police judge, he is deprived of the salary at the rate of one hundred dollars per month, for each and every month from and after January 12, 1931, until such appointment is made. It is finally alleged that there is no other adequate and speedy remedy in the ordinary course of law for such refusal.

An alternative writ of mandamus was granted by

the court below, returnable on a day certain. Respondent answered the petition of relator, and in it admitted that Longview is a city of the third class with a population of more than five thousand; that respondent is the regular elected, qualified and acting mayor of the city; alleges affirmatively that on January 6, 1931, respondent duly appointed Mark P. Kerr, who was then and is now the only regularly elected, qualified and acting justice of the peace within the city of Longview, to be police judge of the city, and that the appointment was duly confirmed by the council of the city, and that Kerr has qualified as such police judge and is now the regular appointed, qualified and acting police judge of the city. All other allegations, matters and things, except as above specifically admitted, were denied in the answer.

A hearing was had on these issues.

At the conclusion of the testimony in support of his petition by relator, respondent moved that the action be dismissed, for the reason that the appointment of Kerr as police judge had been made and that it was manifest that the title to the office was in dispute between relator and Kerr, by reason of which that question could not be determined except in *quo warranto* proceedings. The court sustained the motion upon the ground that *quo warranto* proceedings was the only appropriate remedy for relator, and dismissed the action without prejudice to him to bring the action in *quo warranto*.

Appellant urges three reasons why the court erred in dismissing the action:

(a) One must be a justice of the peace and also have the appointment of the mayor before he could maintain an action in *quo warranto* against the incumbent.

(b) Kerr's rights are founded on the mayor's act. He has no rights independent of the mayor's act be-

cause he is not a holdover justice of the peace, having surrendered that office.

(c) *Quo warranto* being inadequate, mandamus is proper to try title to public office.

Appellant first asserts that the appointment of a justice of the peace to the office of police judge is mandatory under Rem. Comp. Stat., § 9143, as it provides:

"At the time he shall make his other appointments, the mayor shall appoint a police judge who shall be the regular elected justice of the peace in all cities of the third class, having a population of five thousand or more, if there be any such justice of the peace present in the said city and not under any disability."

As a corollary to this contention, appellant maintains that "the regular elected justice of the peace," as used above, contemplates, between two justices, one whose term is ending and the other whose term is beginning, that justice whose term is beginning. It is also insisted that the appointment of such justice is mandatory, and that, inasmuch as in the cities of the class of Longview there can be but one justice of the peace, it is a mandatory duty of the mayor to appoint that justice of the peace whose term is beginning and coextensive with that of the mayor, who is relator.

The unsoundness of the contentions of appellant lies in the fact that respondent denies in his answer the allegation of the petition of relator that Kerr is not the regular elected justice of the peace of Longview, present within that city and not under any disability, and affirmatively alleges that Kerr was at the time of the appointment the only regular elected, qualified and acting justice of the peace of Longview, which raised an issue of fact and law. This directly raised the right of Kerr to the office. Whatever may be the meaning of the statute as to which, of two pos-

sible justices, one whose term is ending and the other whose term is beginning, shall be appointed, is also directly involved in the title of Kerr under the appointment. Whether the statute is mandatory or not, is also a question to be determined in the trial of the title to the office when both parties are before the court.

Texts and cases from other states, relied upon by appellant to the effect that mandamus is the proper remedy to compel delivery of the office to one whose right thereto is exclusive, or determined in some way, or conclusively shown, have no influence in such cases as this.

The pleadings and the facts in this case disclose that the title to the office was and is disputed by Kerr. All must concede that this is an office and not an employment.

In *State ex rel. Dent v. McLennan,* 110 Wash. 16, 187 Pac. 408, we held that the title to an office to which a certificate of election had been issued to one of two contending candidates cannot be collaterally attacked by mandamus, *quo warranto* being the sole remedy to try title to office.

That case, and others of like nature, were reaffirmed in *State ex rel. Forstell v. Otis,* 131 Wash. 455, 230 Pac. 414, where we made a clear distinction as to the proper remedy to restore employees to their positions where it was claimed that they had been improperly removed, and contests for office. We announced that mandamus is the remedy by which to reacquire a position for an employee, while *quo warranto* is the remedy by which to determine the right of title to an office by an official. In that case, it was also contended that the question presented was not one involving the title to an office; that the office was relator's until he had been properly removed therefrom, and therefore the title was not involved. As to that contention, we held that

the pleadings presented the question of fact as to the title to an office which could only be determined by a trial, was not subject to determination in mandamus, and must be settled by *quo warranto*.

The same situation exists in this case. We are not disposed to recede from the principle established in the two cases last cited. Under those cases, it is manifest that the judgment of dismissal by the trial court, without prejudice to institute a *quo warranto* proceeding, was right.

Affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.