[No. 2891.   Decided May 19, 1898.]

H. C. LYNDE, *Appellant*, v. A. S. DIBBLE, *Respondent*.

OFFICE — TRIAL OF TITLE — DISMISSAL.

Mandamus is not the proper remedy, when the title to an office is in controversy.

Where, pending the trial of an action involving the title to an office, the office is abolished, the action will be dismissed without determining the merits of the controversy.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge.   Appeal dismissed.

*Porterfield & Rockwell*, and *Feighan & Ludden*, for appellant.

*Jones, Belt & Quinn*, and *W. A. Lewis*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The appellant instituted this action in the superior court of Spokane county to compel the respondent to surrender to him possession of the office of clerk of the municipal court of the city of Spokane, and the books, papers, seal, etc. pertaining thereto. In the lower court judgment was given for the respondent, dismissing the action, and from that judgment this appeal was taken. The office in contention was established by the legislature in 1891. Session Laws 1891, p. 111, § 12 (1 Hill's Code, § 535, Bal. Code, § 754).

The act creating the office authorized the city council to provide by ordinance for the election of a clerk "who shall hold his office for such length of time as the council may by ordinance provide, and who shall be subject to removal in the same manner as other city officers." § 12, *supra*.

On March, 1891, an ordinance was passed in which it was provided that "The term of office of the clerk of the city of Spokane Falls shall be four years, and until his successor shall have been duly appointed and qualified."

The appellant contends that this ordinance conflicts with the freeholders' charter which went into effect in April, 1891, and that respondent's term terminated on the 14th of May, 1897; that on the 9th day of July, 1897, appellant was by the mayor appointed to the office, and such appointment was approved and confirmed by the council of the city; that thereupon appellant qualified as required by law and demanded of respondent the possession of the office, and the records pertaining thereto. It further appears that the salary of such clerk is $100 per month and that the city is a city of the first class. Respondent contends that the term of office for which he was appointed had not expired at the time of the institution

of this action, and he urges that the title of office cannot be tried in a proceeding on mandamus. We think the authorities abundantly sustain this contention, and that it is too well settled to admit of argument that mandamus is not the proper remedy where the title to an office is in controversy. *Biggs v. McBride*, 17 Ore. 640 (21 Pac. 878); *Frey v. Michie*, 68 Mich. 323 (36 N. W. 184); *Kelly v. Edwards*, 69 Cal. 460 (11 Pac. 1); *United States v. Guthrie*, 17 How. 284. But it also appears that the office no longer exists. Laws 1897, ch. 113, p. 331 (Bal. Code, § 762a), which went into effect January 1, 1898, abolished the office, and under the well settled rule in such cases this court would do no more than dismiss the action without determining the merits of the controversy. *Hice v. Orr*, 16 Wash. 163 (47 Pac. 424); *State, ex rel Coiner, v. Wickersham*, 16 Wash. 161 (47 Pac. 421). The right to salary can be readily determined in an action at law.

Dismissed.

SCOTT, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.