[No. 3189.  Decided March 3, 1899.]

E. L. KIMBALL, *Respondent,* v. E. D. OLMSTED, *as*
*Mayor, et al., Appellants.*

MUNICIPAL CORPORATIONS—OFFICERS—POWER OF REMOVAL—RIGHT TO
HEARING—REMEDY FOR RECOVERY OF OFFICE.

Under § 128 of the city charter of Spokane, which provides
that any member of the city board of health "may be removed
upon the recommendation of the mayor, by a majority vote of
all the members of the city council, or may be removed by the
vote of two-thirds of the members of the city council without
recommendation of the mayor after charges have been pre-
ferred," where a member of the board is removed by the council
upon the recommendation of the mayor, he is not entitled to
have charges preferred against him and a hearing granted
thereon. (ANDERS and FULLERTON, JJ., dissent.)

Mandamus is not the proper remedy where one has been
illegally removed from office, when the legality of the removal
is a disputed question, depending upon the construction of statu-
tory provisions.    (ANDERS and FULLERTON, JJ., dissent.)

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge.  Reversed.

*A. G. Avery,* and *F. M. Dudley,* for appellants.

*F. C. Robertson,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—Prior to the 23d day of August, 1898,
the respondent was a member of the board of health of
the city of Spokane.  On that day the mayor of the city
transmitted to the council the following communication,
viz. :

" To the Honorable President and City Council:

" Gentlemen—In accordance with Section 128 of the
City Charter I hereby recommend the removal of Dr. E.
L. Kimball as a member of the Board of Health, and re-
spectfully ask that your Honorable Body sustain my rec-
ommendation.                E. D. OLMSTED, Mayor."

By a vote of the council the recommendation of the mayor was adopted, and thereupon Dr. T. L. Catterson was appointed by the mayor to the position formerly held by the respondent, and this appointment was confirmed by the council.   Dr. Catterson immediately went into possession of the office and proceeded to exercise the privileges and perform the duties pertaining thereto.   In October the respondent applied to the superior court for an alternative writ of mandate, directed to the mayor and council of the city, requiring them to admit the relator to the office in question and recognize him as the legal incumbent thereof. The case was submitted below upon a demurrer to the alternative writ, which was overruled, and judgment pronounced in relator's favor.   The case comes here upon appeal of the mayor and council.   Section 128 of the charter of the city of Spokane is as follows:

" There shall be a board of health, which shall consist of three physicians, who are entitled to practice their profession under the laws of this state, two of whom shall be physicians in active practice, to be appointed by the mayor and confirmed by the city council, who shall have supervision of all matters appertaining to the sanitary condition of the city and its public institutions.   Any member of said board of health may be removed upon recommendation of the mayor, by a majority vote of all the members of the city council, or may be removed by the vote of two-thirds of the members of the city council without recommendation of the mayor after charges have been preferred."

It is conceded that no charges were preferred against the relator, and the first question to be considered is, Do the words "after charges have been preferred" refer to the entire paragraph relating to removals, or only to removals attempted by the city council without the recommendation of the mayor ?  A literal construction of the section makes it evident that the qualification does not extend back or relate

to removals made upon the mayor's recommendation, and
we think there is no ambiguity or incongruity in the pro-
vision itself, which requires any other than a literal con-
struction to prevail. Indeed, we think there is much reason
why the provision should receive that construction. In the
first place, power is given to the mayor to appoint the
officer; and, while the power of confirmation is lodged in
the council, it is beyond the power of the council to fill the
office without the co-operation of the mayor. Having then
the power of appointment in the first instance, there is
nothing inconsistent in a provision authorizing the mayor
to remove the officer with the consent of the council. On
the other hand, where the council undertakes to remove
the officer without the co-operation of the mayor, there is
much reason for the provision which prohibits them from
acting until charges have been preferred. He is not their
physician. They have not appointed him. They are not
proceeding with the consent or the recommendation of the
mayor whose appointee he is. For these reasons, we think
it not unreasonable that the section should provide for a
different method of procedure where the removal is at-
tempted by the council from that necessary to be employed
where, as in the present instance, the removal is made
upon the recommendation of the mayor. So considered,
the procedure is in harmony with that prevailing in case
of appointment by the governor to offices which, under
the law, are permitted to be filled by appointments made
by him. *State ex rel. McReavy v. Burke,* 8 Wash. 412
(36 Pac. 281); *State ex rel. Howlett v. Cheetham,* 19
Wash. 330 (53 Pac. 349).

In our opinion, the superior court erred in construing
this provision of the city charter and a reversal must
follow.

Another question arises in the case and, because of its
importance, we deem it proper to consider it. It goes to

the appropriateness of the remedy to which the plaintiff
resorted in the present instance. It is urged by the appel-
lants that mandamus is not the proper remedy where the
title to an office is in controversy, and such was the hold-
ing of this court in *Lynde v. Dibble,* 19 Wash. 328 (53
Pac. 370). Respondent does not controvert the propo-
sition, but contends that it is not applicable to the present
case; and asserts that mandamus is the proper remedy to
restore one to an office from which he has been illegally
removed, and there is much authority to be found in sup-
port of his position. But we think that the rule for which
the respondent contends cannot be invoked where it does
not clearly appear that the removal was illegal; and where
the question of the legality is a disputed question, depend-
ing upon the construction of statutory provisions, man-
damus is not the proper remedy. *People ex rel. Wren v.
Goetting,* 133 N. Y. 569 (30 N. E. 968); *People ex rel.
Dolan v. Lane,* 55 N. Y. 217; *Ewing v. Turner,* 2 Okl. 94
(35 Pac. 951).

In such a case it seems but reasonable that the law
should require a form of procedure to be resorted to, which
would require the incumbent of the office to be made a
party and thereby enable him to be heard in his own be-
half concerning his right to the office. Such a remedy is
provided by chapter 2, §§ 5780 to 5787, inclusive, 2 Bal.
Code (2 Hill's Code, §§ 679-686), relating to informa-
tion in the nature of quo warranto. Section 5780, *supra,*
provides that an information may be filed "when any per-
son shall usurp, intrude upon [into] or unlawfully hold
or exercise any public office or franchise in this state, or
any office in any corporation created by the authority of
the state," etc. The provisions of that chapter furnish a
full, complete and adequate remedy, and, in our judgment,
the only appropriate remedy afforded by the law in cases
like the present one.

The judgment of the superior court is reversed, and the cause remanded with direction to dismiss the proceeding.

DUNBAR and REAVIS, JJ., concur.

ANDERS, J. (dissenting).—I am constrained to dissent from the conclusions reached by the majority of my associates in this case. It seems to me that it is neither a strained nor unreasonable construction of the section of the city charter, quoted in the majority opinion, to hold that the framers of that section only intended to authorize the removal of members of the board of health "after charges have been preferred." It will be noticed that the mayor is not vested with the power of removal under any circumstances. The city council alone possess that power. The only thing the mayor can do, if he is dissatisfied with a member of the board of health, is to recommend his removal. And it is conceded by appellants—and properly so—that the council cannot remove such member even by a two-thirds vote of all its members until charges have been made against him, and notice thereof given; but they contend, and the majority of this court in effect says, that a removal may be made by a bare majority of the council, without notice or hearing, upon the recommendation of the mayor. I am unable to assent to this conclusion. In the first place, I am of the opinion that the words "after charges have been preferred," occurring at the end of the section, refer to and qualify the first, as well as the second, part of the provision, and were intended to limit the power of removal to cases of misconduct or neglect of duty on the part of a member of the board. Sutherland, Statutory Construction, § 259.

In the second place, if I am not correct in my conclusion as to the effect which ought to be given to the concluding words of this section of the charter, then the power of removal without charges being made must have

been conferred upon the council by the provision, "Any member of said board of health may be removed upon the recommendation of the mayor by a majority vote of all of the members of the city council." When a municipal officer claims to exercise a particular statutory power, he must not only be able to show clearly that he possesses such power, but that he has a clear right to exercise it under the existing circumstances, and in the mode in which he proposes to exercise it. If he claims a right to remove, without notice, or at his own discretion, a person from an office to which he has been legally appointed, he must find his authority in some positive provision of law. Powers not so conferred must be deemed nonexistent.

"All statutes which encroach on the personal property or rights of the individual are to be strictly construed." 23 Am. & Eng. Enc. Law, p. 383.

Did the provision of the charter last above mentioned authorize the removal of the respondent from his office without the filing of any charges against him? Or was his removal a matter resting in the discretion of the mayor and a majority of the city council? I see nothing in the language of this provision of the charter warranting an affirmative answer to either of these questions; and I am therefore compelled to conclude that the action of the council, in this instance, was unauthorized and void. That a person should be condemned unheard, or without an opportunity of being heard, is contrary to natural justice, and repugnant to one of the established principles of the common law; and such an act cannot be sanctioned by the courts except by direction of positive law. I think the true doctrine upon the question of the power of a city council to remove a municipal officer was announced by the supreme court of Michigan in *Hallgren v. Campbell,* 82 Mich. 255 (46 N. W. 381, 21 Am. St. Rep. 557), wherein the court said:

" We shall need to find in the charter of Menominee clear and unequivocal power vested in the council to remove this officer without notice before we can concede that any such power exists. . . . We have not found any case where an officer who was appointed for a fixed term (and when the power of removal was not expressly declared by law to be discretionary) has been held to be removable except for cause; and, wherever cause must be assigned for the removal of the officer, he is entitled to notice and a chance to defend."

In the case at bar it is admitted by the demurrer that the respondent was appointed as a member of the board of health for a definite term, and that he was removed before the expiration of his term, .without notice, and without any charges having been preferred against him; and the charter under which the removal is claimed to have been made does not expressly declare that the power of removal is discretionary with the council. The facts in this case, it will be noticed, are quite similar to those in the case last cited. It was also held in the late case of *State ex rel. Welch v. Passaic Hospital Ass'n,* 59 N. J. Law, 142 (36 Atl. 702), that when the law authorizes the removal of a person from office, but is silent upon the subject of charges, the party sought to be removed is entitled to notice, and must be given an opportunity to be heard upon charges presented against him. See, also, *People v. McAllister,* 10 Utah, 357 (37 Pac. 578); *Pratt v. Board,* 15 Utah, 1 (49 Pac. 747); Mechem, Public Officers, §§ 454, 455.

Nor do I think the respondent mistook his remedy. It is a generally recognized rule that mandamus will not lie to try a disputed title to an office, or to compel the admission of a claimant to an office of which he has not had the possession or discharged the duties, and the title to which is in dispute. But, where a person has been in the lawful possession of an office, and is entitled to it of right, and was illegally removed, a. different rule obtains. Under

such circumstances, mandamus is a proper remedy to re-store the rightful officer to his office, even though the office be in fact in the possession of another appointed as his successor. High, Extraordinary Remedies, § 67; *Pratt v. Board, supra;* Spelling, Extraordinary Relief, § 1576; *Metsker v. Neally,* 41 Kan. 122 (21 Pac. 206, 13 Am. St. Rep. 269); Mechem, Public Officers, § 980; *Leeds v. Mayor of Atlantic City, etc.,* 52 N. J. Law, 332 (19 Atl. 780). That the foregoing authorities lay down the rule which ought to be adopted in this state will plainly appear from an examination of the law upon the subject enacted in 1895. That statute provides that a writ of mandate may be issued "to compel the admission of a party to the use and enjoyment of a right or office to which he is en-titled, and from which he is unlawfully precluded by such inferior tribunal, board, corporation, or person." Laws 1895, p. 117, § 16 (Bal. Code, § 5755). It seems to me that this provision alone conclusively settles the question of procedure in favor of the respondent's contention. I think the demurrer to the alternative writ was properly sustained, and that the judgment should be affirmed.

FULLERTON, J.—I concur in what is said by ANDERS, J.