[No. 15391. Department Two. February 9, 1920.]

THE STATE OF WASHINGTON, *on the Relation of George B. Dent, Plaintiff,* v. CHARLES A. McLENNAN *et al., Defendants.*[1]

MANDAMUS (39)—SUBJECTS AND PURPOSES—TITLE TO OFFICE. Mandamus does not lie to compel a city clerk to issue a certificate of election to one of two contending candidates, upon allegations of an illegal canvass of the votes, after having issued a certificate to the other candidate, since the same cannot be collaterally attacked by mandamus; *quo warranto* being the sole remedy to try title to office.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered January 31, 1919, in favor of the plaintiff, in mandamus proceedings to require issuance of a certificate of election, after a trial to the court. Reversed.

*C. E. Abrams (Dan F. North* and *Kellogg & Thompson,* of counsel), for appellant.

*C. A. Swartz,* for respondent.

BRIDGES, J.—At a municipal election in the second ward of the city of Bellingham for the office of councilman, George B. Dent and John M. Odell were candi-

[1]Reported in 187 Pac. 408.

dates. There were some irregularities in the returns made by the officers of precinct number thirty-two. If the returns of that precinct be counted, then Odell received more votes than did Dent; but if those returns be not counted, then Dent was elected. Dent was already a councilman from the ward in question and was seeking re-election.

The charter of the city of Bellingham provides that, at its first meeting following an election, the city council shall resolve itself into a canvassing board and canvass the returns. In accordance therewith, and on December 9, 1918, the council, as a canvassing board, canvassed all the returns except those from precinct thirty-two, which were rejected upon the advice of the city attorney. The result of this canvass was to find that Dent had been elected, and the city clerk was directed to issue to him a certificate of election. However, before the certificate was issued, Odell commenced mandamus proceedings in one of the departments of the Whatcom county superior court against the city council, and that court at once issued its writ requiring the city council, as a canvassing board, to meet and canvass the returns of such election, including those of the thirty-second precinct, and declare the result of the canvass and issue a certificate of election to the person declared elected, or, on a day named, show cause why they had not so done.

After the service of the writ, a majority, but not all, of the council met pursuant to an alleged notice of special meeting, for the purpose of making a recanvass of the returns. At this meeting, the mayor and councilman Dent were not present. The board proceeded to make another canvass of the returns, and in so doing declared Odell to be elected and directed the city clerk to issue to him a certificate of election. Those persons who formed the second canvassing board then made

return to the court's writ and answered, in effect, that they had made a recanvass, including the returns from the thirty-second precinct, and had found and declared Odell to be elected and had directed a certificate of election to be issued to him. Upon the coming in of this answer, the court made its judgment, finding that its writ had been complied with and discharging the respondent therein from further duty in the proceeding. Within a day or two thereafter, the city clerk duly issued his certificate of election to Odell, who at once took the oath of office as councilman from the second ward. Thereafter, in another department of the same court, Dent instituted mandamus proceedings against the city clerk for the purpose of requiring the latter to issue to him a certificate of election. The court in that action made a writ requiring the city clerk to issue to Dent his certificate of election or show cause why he should not do so. Thereafter, and on the return day, the clerk made a complete answer, setting out, in substance, the facts above related. After trial, the court made a judgment directing the city clerk to issue to Dent a certificate of election. It is from this judgment the appeal is taken.

The briefs of the respective parties have taken a wide range. The relator Dent contends, among other things, that the first canvassing board declared him to be elected and that entitled him to a certificate of election; that the second canvassing board had no power to act because its meeting had been irregularly called and held; that, in any event, the canvassing board had performed its duties and exhausted its powers at its first meeting when it declared the relator to be elected; that the returns from precinct number thirty-two were so irregular they could not be legally canvassed, and that the court in its first mandamus proceeding had no jurisdiction and its order was a nullity.

The defendant, on the other hand, contends that the returns from precinct thirty-two should have been canvassed and that, until they were canvassed, the board had not performed its duties, and that the court had a right to require it to meet again and perform its duty; and that, in any event, the first proceeding is *res judicata* as to the relator Dent, and that it was his duty to intervene individually in that action and seek such relief as he desired. We do not find it necessary to discuss or decide any of these questions.

Mandamus cannot be used to try title to public office. Doubtless, in this case the court was authorized to make its writ requiring the city clerk to issue to plaintiff his certificate of election or show cause why he did not so do. But when the answer and the testimony showed that the clerk had previously issued his certificate to Odell, it should at once have become manifest that mandamus could proceed no further; that has held that mandamus, under our statutes, is nothing remained except an ordinary contest for office. Under these circumstances, plaintiff could proceed only by *quo warranto*. While this court in a number of cases has held that mandamus, under our statutes, is nothing more than one of the forms of procedure for the enforcement of rights and redress of wrongs and has all the elements of a civil action (*State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207; *State ex rel. Taro v. Everett,* 101 Wash. 561, 172 Pac. 752, L. R. A. 1918E 411), it has also held in a number of cases that title to office can be tried only by *quo warranto*. *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377; *State ex rel. McReavy v. Burke,* 8 Wash. 412, 36 Pac. 281; *Lynde v. Dibble,* 19 Wash. 328, 53 Pac. 370; *State ex rel. Blake v. Morris,* 14 Wash. 262, 44 Pac. 266; *State ex rel. Heilbron v. Brocklin,* 8 Wash. 557, 36 Pac. 495.

If the judgment appealed from had been complied with, the city clerk would have issued to Dent a certificate of election. Thus there would have been outstanding two certificates of election issued by the same clerk for the one office and each holder of a certificate having qualified for that office. This would have availed and decided nothing. Another suit would have been necessary to determine who was entitled to the office, confirm one certificate of election, and annul the other. When the court in the second mandamus proceeding learned of this condition it should have dismissed the action and allowed one or the other of these contending parties to have brought a proceeding in *quo warranto* to try their title to the office. In such an action almost all the questions which have been argued in this case could have been determined.

The case of *State ex rel. Love v. Smith,* 43 Okl. 231, 142 Pac. 408, L. R. A. 1915A 832, was a mandamus proceeding wherein the court said:

"It is the contention of defendant in error that the certificate of election issued to plaintiff in error is void, by reason of irregularities in the action of the board in issuing same, and also for the reason that it was issued upon incomplete returns, there being two townships not canvassed, and, further, that it was not issued by the board, but by certain members thereof. In a contest, or in a *quo warranto* proceeding, these contentions might prevail; but, upon sound authority, we are constrained to hold that they cannot be urged in a mandamus proceeding. This would be a collateral attack upon the certificate, which is not permitted in a proceeding of this character."

Volume 9, R. C. L., page 1153, lays down the following rule:

"The court will not go behind the certificate, commission, or other declaration of title to the office issued or made by the proper authority to inquire into the

ultimate right, and, therefore, in general the court will not permit a mere usurper to place the holder of the legal title in the position of a contestant. The cases in which the writ of mandamus lies, in admitting or restoring to office, are where the return to the writ will involve merely a question of law, so that, admitting the facts to be true, a peremptory mandamus ought to be awarded.''

In the case of *Hoy v. State ex rel. Buchanan,* 168 Ind. 506, 81 N. E. 509, it was held that a duly certified certificate of election of a person to a public office is conclusive evidence of his election and title to such office and a collateral action of mandamus to compel the recognition of another's title to the office would not lie, but that the proper proceeding, under the circumstances, was *quo warranto.* See, also, *Magee v. Board of Supervisors,* 10 Cal. 376; *State ex rel. Lamar v. Johnson,* 35 Fla. 2, 16 South. 786, 31 L. R. A. 357.; *State ex rel. v. Dunn* (Ala.), Minor 46, 12 Am. Dec 25; 15 Cyc. 393; High, Extraordinary Remedies, § 50 *et seq.*

The judgment appealed from is reversed and the cause remanded with directions to dismiss the action.

HOLCOMB, C. J., TOLMAN, MOUNT, and FULLERTON, JJ., concur.