[No. 24674. Department One. October 19, 1933.]

J. J. CLARKEN, *Respondent*, v. JOHN BLOMSTROM et al., *Appellants.*[1]

*W. E. Bishop,* for appellants.

STEINERT, J.—Plaintiff brought this action in mandamus to compel the declaration of a vacancy in the office of school director and the consequent appointment of some legally qualified person to fill such vac-

[1]Reported in 26 P. (2d) 87.

ancy. An alternative writ of mandamus, directed to defendants, was issued by the court. Defendants appeared by motion to quash the writ and by demurrer to the petition. The motion was denied, and the demurrer was overruled. Defendants Blomstrom and Uden filed an answer which admitted, in large part, the allegations of the petition, denying only such portions thereof as were "inconsistent with the admissions" thereinabove set forth; the answer also contained an affirmative defense. A demurrer to the affirmative defense was sustained. The defendants having elected to stand upon their respective pleadings, a judgment granting a peremptory writ of mandamus was entered by the court, but without any evidence being taken at the hearing. Blomstrom and Uden have appealed.

The facts, in so far as they are uncontradicted or stand admitted by the pleadings, are as follows: Respondent Clarken and appellant Uden were rival candidates for the office of school director. Clarken was, at the time, the incumbent of the office. At an election held March 4, 1933, each candidate received one hundred and fourteen votes, and the election was accordingly declared a tie. Thereupon, appellant Blomstrom, clerk of the election board, called a meeting for the purpose of deciding by lot which of the two candidates should be declared to be the director. Written notice of the time, place and purpose of the meeting was sent to, and received by, each of the two candidates. Uden attended the meeting, but Clarken refused to do so.

At the time and place appointed, the clerk of the election board publicly, and in the presence of many persons, prepared two ballots containing the words "win" and "lose," respectively, which he placed, face downward, in a box. The clerk then called upon Uden to draw one of the ballots from the box. The ballot

drawn by Uden contained the word "win". The clerk thereupon declared Uden to be the duly elected director, and issued to him a certificate of election, which was filed, in accordance with law, with appellant Hurd, the superintendent of public schools of Lewis county. Uden then assumed the duties of the office to which he had been declared elected. Respondent thereupon began this action.

In his petition for a writ of mandamus, respondent claimed that, as the hold-over director of the school district, he continued to be, and was, such until his successor should be duly elected and qualified. In the judgment, however, there is a finding to the effect that respondent is not claiming title to the office, and is not claiming that he is entitled to be appointed as the director of such school district, but is maintaining the action for the benefit of all persons interested in the district, for the purpose of having the office declared vacant and thereafter filled by appointment. As already stated, no evidence was taken at the trial.

The statute under which the clerk of the election board proceeded in deciding who should be declared elected is Rem. Rev. Stat., § 5027, which, so far as is material here, reads as follows:

"If two persons have an equal and highest number of votes for one and the same office, they shall, within ten days after the election, appear before the clerk of election of said district and publicly decide by lot which of the persons so having an equal number of votes shall be declared elected, and the clerk of election shall make out and deliver to the person thus declared elected a certificate of his election, and notify the county superintendent of the county as before provided. If the persons above named do not, within ten days after election, thus decide, the office shall be declared vacant by the clerk of election, and the county superintendent shall, when notified of the vacancy, fill the same by appointment."

The gravamen of the petition for writ of mandamus is that the clerk did not, and could not, proceed under the foregoing statute, because respondent had not given his consent to such proceeding, but had declined to attend the meeting held for the purpose of deciding the tie. In short, the contention is that, in the absence of the respondent, or on his failure to present himself before the clerk of election, that official had no alternative other than to declare the office vacant. However, it is not necessary for us to determine what construction is to be given to the wording of the statute. Another question is of initial and controlling importance here. The question is one of procedure.

It is the general rule that the proper and appropriate remedy for trying and determining title to a public office, or for ascertaining who is entitled to hold such office, or for removing an incumbent who has usurped or who claims it by an invalid election, is a proceeding by quo warranto. Mechem, Public Officers, § 478, p. 305; Throop on Public Officers, § 825, pp. 789-790; 22 R. C. L. pp. 661-664. Our statute upon the subject of quo warranto provides:

"An information may be filed against any person or corporation in the following cases . . .

"(1) When any person shall usurp, intrude upon (into,) or unlawfully hold or exercise any public office or franchise within the state, or any office in any corporation created by the authority of the state; . . ." Rem. Rev. Stat., § 1034.

It was early decided by this court that mandamus is not the proper remedy where the title to an office is in controversy. *Lynde v. Dibble,* 19 Wash. 328, 53 Pac. 370.

In *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377, which arose shortly after the *Lynde* case, it was held that mandamus is not a proper remedy where the dis-

puted question depends upon the construction of statutory provisions. In the case at bar, respondent's contention rests almost entirely upon the construction to be given to Rem. Rev. Stat., § 5027, *supra.*

In *State ex rel. Dent v. McLennan,* 110 Wash. 16, 187 Pac. 408, it was held that, a certificate of election having been issued to one of the competing candidates, the title to the office could be tried only by quo warranto. In the case before us, a certificate had been issued, and the holder of the certificate had assumed his duties of office.

In *State ex rel. Forstell v. Otis,* 131 Wash. 455, 230 Pac. 414, it was held, after a review of a number of authorities, that quo warranto is the remedy by which to determine the right or title to. an office, while mandamus is the remedy to be employed to re-acquire a position for an employee. It is not contended here, nor could it be, that a school directorship is not an office.

In a very recent case decided by this court, *State ex rel. Van Moss v. Sailors,* 164 Wash. 211, 2 P. (2d) 725, it was held that, where the title to an office is shown to be in dispute, quo warranto, and not mandamus, is the proper remedy. The title to an office is here in dispute.

While most, or many, of the cases arising in quo warranto present a contest between two claimants for the same office, it is not indispensable that there be a contest between two persons. In *State ex rel. Forstell v. Otis, supra,* we said:

"The petition here shows that the title to an office is involved, and that is a question which may arise just as well where there is only one person asserting title as where there are two."

So it is immaterial here whether the respondent is claiming the office by virtue of being a hold-over, as he

asserts, or whether he has disclaimed all right to the office entirely, as the court found.

The rule laid down by the foregoing cases is controlling here. It is apparent from the record that the title of the appellant to the office of school director is in dispute. That dispute can be determined only from evidence and the construction of the statute which is drawn in question. Quo warranto, therefore, and not mandamus, is the proper remedy under such circumstances. If the respondent has any remedy at all under the facts here presented, a question that we do not now decide, that remedy is by a proper proceeding in quo warranto.

The judgment is reversed, with instructions to the trial court to dismiss the petition for writ of mandamus.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.