[No. 26866.   Department Two.   March 8, 1938.]

JACOB S. SMITH, *Respondent,* v. C. C. BAUGHMAN, *Appellant.*[1]

*U. D. Gnagey,* for appellant.

*Hardin & Hardin,* for respondent.

BLAKE, J.—At the general election held in November, 1934, plaintiff was a candidate for the office of county commissioner of Whatcom county, first district.   Of the votes cast for that office, he received more than any other candidate.   He was declared duly elected for a term of four years, and received a certificate of such election.   The following January, he entered upon the duties of the office, after taking the oath and filing a bond as required by law.   He has since continued to perform the duties of the office, and until January

[1]Reported in 76 P. (2) 1022.

of this year, has received the salary incident to the office.

The defendant, Baughman, who is county auditor, conceiving plaintiff to be ineligible for the office of county commissioner, first district, has, since January, refused to issue salary warrants. These actions were instituted by plaintiff in the superior court for writs of mandamus, to compel defendant to issue salary warrants for February and March. In his answer, defendant denied that plaintiff was the "duly elected" county commissioner for the first district, and affirmatively alleged that plaintiff was ineligible to the office, in that he was not then, nor at the time of the election, a resident of that district. A demurrer to the affirmative matter was sustained, and the cases (consolidated) went to trial upon the issues presented by the applications for the writs. The defendant made an offer of proof going to show that plaintiff was ineligible to the office, in that he was not a resident of the first commissioner district. The offer being rejected, the court, upon proof by plaintiff of the issuance of his certificate of election, his taking the oath and filing a bond, and of his assumption of the duties of the office, entered judgments directing that the writs issue. The consolidated cases are here on defendant's appeal.

The question for determination is whether the eligibility of one holding an office and performing the duties thereof, under a certificate of election, valid on its face, can be challenged in an action brought to compel payment of the salary incident to the office.

Urging an affirmative answer, appellant cites cases and text-writers to the point that a *de facto* officer cannot maintain an action for the emoluments of the office. We do not think these authorities meet the issue presented here. For by the great weight of authority, a certificate of election, valid on its face,

establishes *prima facie* title to the office, even in a direct proceeding. And in a collateral attack, such as appellant attempted to make in his answer and offer of proof, the certificate of election is conclusive as to the holder's title to the office. *Warner v. Myers,* 4 Ore. 72; *State ex rel. Francl v. Dodson,* 21 Neb. 218; *People ex rel. Cummings v. Head,* 25 Ill. 325; *Minnesota ex rel. Atherton v. Sherwood,* 15 Minn. 221, 2 Am. Rep. 116; *State ex rel. Jones v. Oates,* 86 Wis. 634, 57 N. W. 296, 39 Am. St. 912; *Supervisors etc. v. O'Malley,* 46 Wis. 35, 50 N. W. 521; *Plowman v. Thornton,* 52 Ala. 559; *State ex rel. Love v. Smith,* 43 Okla. 231, 142 Pac. 408, L. R. A. 1915A, 832; *Hoy v. State ex rel. Buchanan,* 168 Ind. 506, 81 N. E. 509; *Henderson v. Glynn,* 2 Colo. App. 303, 30 Pac. 265; *State ex rel. Bickford v. Cook,* 17 Mont. 529, 43 Pac. 928.

In the two cases last cited, the issue of ineligibility was raised just as it is here. In each the relator, holding office under a certificate of election [appointment], valid on its face, sought by mandamus to compel the defendant (auditor) to issue a salary warrant. The auditor refused, in the one case on the ground that an election contest was pending; in the other, on the ground that relator was ineligible. The writs were granted in both cases. In the former case (*Henderson v. Glynn*), the court said:

"The defense interposed is unavailing in this action. Title to the office, as between the contestants, cannot be determined in a collateral proceeding, nor in this form of action. The district court could not, nor can this court, legally take notice of the existence of the contest for the office. *When a person is in actual possession of an office under an election or commission, and exercising its duties under color of right, his title to the office cannot be tried or tested on mandamus.* This is the established doctrine, both in England and the United States, and might be supported by almost innumerable decisions." (Italics ours.)

And High (Extraordinary Legal Remedies (3d ed.), 87, § 75) states the rule:

"And upon the application for mandamus, the court will not go behind the certificate of election and try the relator's actual title. It is therefore wholly immaterial whether the relator was eligible to the office in question, or whether he was duly elected thereto, since to try such issues would be to determine the title upon proceedings in mandamus, which the courts will never do."

While the precise question raised here has never been before this court, we have uniformly held that title to public office can be tried only in *quo warranto* proceedings. *State ex rel. Heilbron v. Van Brocklin,* 8 Wash. 557, 36 Pac. 495; *State ex rel. Blake v. Morris,* 14 Wash. 262, 44 Pac. 266; *Lynde v. Dibble,* 19 Wash. 328, 53 Pac. 370; *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377; *State ex rel. Dent v. McLennan,* 110 Wash. 16, 187 Pac. 408; *State ex rel. Forstell v. Otis,* 131 Wash. 455, 230 Pac. 414.

Since relator has qualified as county commissioner of Whatcom county, first district, and has been holding such office under a certificate of election, valid on its face, his eligibility for the office cannot be challenged by appellant in these proceedings.

Nor, for that matter, can relator's eligibility be challenged by appellant at all. For the statute (Rem. Rev. Stat., § 1035 [P. C. § 8399]) relating to the filing of an information in the nature of *quo warranto* provides that it

". . . may be filed by the prosecuting attorney . . . or by any other person on his own relation, whenever he claims an interest in the office . . . which is the subject of the information."

Construing this section in *State ex rel. Dore v. Superior Court,* 167 Wash. 655, 9 P. (2d) 1087, the court said:

"It [the information] must be brought under the statute officially by the prosecuting attorney, or it must be brought by a person who claims an interest in the office; . . ."

Affirmed.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.