[No. 27328. Department Two. March 16, 1939.]

W. B. MANLOVE, *Appellant,* v. CECIL JOHNSON *et al.,*
*Respondents.*[1]

*Cleman & Crimp,* for appellant.

*Houghton, Cluck & Coughlin,* for respondents.

[1]Reported in 88 P. (2d) 397.

GERAGHTY, J.—In this action, the plaintiff sought a judgment enjoining the defendants from functioning as commissioners of public utility district No. 1 of Kittitas county, and for a declaration that an election held November 3, 1936, for creation of the district and the election of utility district commissioners, was void.

In his complaint, the plaintiff alleged that the proposition to form a county-wide utility district in Kittitas county was not submitted by the board of county commissioners to the electors of the county in conformity with requirements of Laws of 1931, chapter 1, p. 3 (Rem. Rev. Stat., § 11605 [P. C. § 4498-11] *et seq.*); and that the election held on the same day for the selection of commissioners of the district, was void for want of the notice required by the statute.

The defendants, in a cross-complaint, after detailing the procedural steps leading to the election, alleged:

"The pendency of the present controversy, arising out of the claims of the plaintiff that the election on the proposition of creating the district and the election of the commissioners thereof are void, has served to cast a cloud upon the status of the district and the election of the commissioners thereof, and has served to deter investors from accepting the warrants of the district, rendering it impossible for the defendants-commissioners to effect a market for such warrants, or to purchase needed supplies with the same."

It is also alleged that the controversy has rendered it impossible for the defendants to secure a market for any utility revenue bonds until settlement of the controversy. They ask for a judgment dismissing the plaintiff's complaint with prejudice, and declaring the utility district to be duly organized and themselves to be the duly elected, qualified, and acting commissioners thereof.

The court made findings of fact and conclusions of law favorable to the contention of the defendants, and

entered judgment dismissing the complaint with prejudice and declaring the utility district to be duly organized and the defendants duly elected, qualified, and acting commissioners thereof. The plaintiff appeals.

Two issues are raised by the appellant's assignments of error. First, he challenges the sufficiency of the procedure by which the proposition to create a public utility district was submitted to the voters at the November 3, 1936, general election. His second contention is that the election of the respondents as utility district commissioners was void by reason of the failure of the county election board to post notices of the election.

Laws of 1931, chapter 1, p. 4, § 3 (Rem. Rev. Stat., § 11607 [P. C. § 4498-13], so far as material here, provides as follows:

"At any general election the board of county commissioners of any county in this state may, or on petition of ten (10%) per cent of the qualified electors of such county, based on the total vote cast in the last general county election, shall, by resolution, submit to the voters of such county the proposition of creating a public utility district which shall be coextensive with the limits of such county as now or hereafter established. Such petition shall be filed with the county auditor, who shall within fifteen days examine the signatures thereof and certify to the sufficiency or insufficiency thereof, . . . Whenever such petition shall be certified to as sufficient, the county auditor shall forthwith transmit the same, together with his certificate of sufficiency attached thereto, to the board of county commissioners, who shall thereupon immediately transmit such proposition to the election board of such county, and it shall be the duty of such county election board to submit such proposition to the voters at the next general election."

A petition for the creation of a public utility district filed with the auditor of Kittitas county was certified

by him as containing the requisite number of legal signatures, and transmitted to the board of county commissioners. The board, January 9, 1936, ordered the transmission of the petition to the election board. The official minutes of the board recite:

"In the Matter of Petition to Vote on Power District.

"A petition praying for the submission to the voters of a proposition for formation of a public utility district, was presented with the certificate of the County Auditor's attached, certifying to the sufficiency of the signatures on the petition. The petition was ordered transmitted to the county election board for submission to the voters at the next general election."

The next general election was to be held on November 3, 1936, and the election board gave notice of an election on that day upon the proposition. No question is made as to the sufficiency or regularity of any of the steps taken by the county election board subsequent to the receipt by it of the petition. At the election, the proposition to create the district was approved by a vote of 3426 for to 2132 against it.

The appellant's sole contention is that the board of county commissioners did not "by resolution" submit the proposition to the voters, but, instead, "ordered" the petition transmitted to the county election board for submission.

The appellant's contention is without merit. The board's action was in substantial compliance with the statutory requirement, whether the form of words employed be called a resolution or an order. Under the statute, the creation of a utility district may be initiated by the board of county commissioners upon its own motion or by a petition signed by the requisite number of signatures and addressed to the board. When the board acts upon its own motion, it must express its purpose in some formal way, and, doubtless, the customary form of resolution would be the most appro-

priate. But where a petition is filed with the board, the petition itself expresses the proposition, and the transmittal of the petition to the county election board, for submission at the next general election, is essentially a transmittal of the proposition to the board. The trial court correctly held that the district had been validly created.

The second issue in the case is the right of the respondents to act as commissioners of the utility district.

Laws of 1931, chapter 1, p. 6, § 4 (Rem. Rev. Stat., § 11608 [P. C. § 4498-14]), provides that, at the same election at which the proposition is submitted to the voters to form a public utility district, three commissioners shall be elected to hold office, respectively, for the term of one, two, and three years. Nominations are to be made by petition signed by a specified number of qualified electors of the district, filed with the county auditor not more than sixty nor less than thirty days prior to the election. The respondents were properly nominated, and, no other nominations being made, were elected by votes comparable in number with the votes cast in favor of the organization of the district. Certificates of election were issued to them, and they assumed office and were in the performance of their official duties when the present suit was instituted.

The challenge to their right to act as commissioners is based upon the failure of the election board to include in the posted notices of the general election notice of the fact that district commissioners would be elected at the ensuing election, although the names of the candidates for district commissioners appeared on the election ballots.

The trial court found that the proposition to create a public utility district and the election of district commissioners had been given wide publicity throughout

the county by means of newspaper publication, radio addresses, and public gatherings at which the proposition for the creation of the utility district and election of its commissioners were discussed; that the electors were fully informed of the pending election. The court concluded that the failure to post the notices did not vitiate the election of respondents.

While the question is not raised by the respondents, the complaint on its face suggests a doubt as to the capacity of the appellant to maintain this action. The utility districts are municipal corporations to be governed by a board of three commissioners. The respondents are in office and performing their functions under the *prima facie* right imported by their certificates of election. The appellant merely as a citizen and taxpayer cannot question their right. The procedure for determining the right to a public office is regulated by statute.

Rem. Rev. Stat., § 1034 [P. C. § 8398], provides that an information in the nature of *quo warranto* may be filed against any person or corporation:

"1. When any person shall usurp, intrude upon [into,] or unlawfully hold or exercise any public office . . ."

Rem. Rev. Stat., § 1035 [P. C. § 8399], provides:

"The information may be filed by the prosecuting attorney in the superior court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, . . ."

In *Smith v. Baughman,* 194 Wash. 78, 76 P. (2d) 1022, the auditor of Whatcom county, conceiving one of the county commissioners to be ineligible, refused to issue salary warrants to him. In an action in man-

damus by the commissioner to compel the issue of salary warrants, the auditor denied that the plaintiff was the duly elected commissioner, and alleged his ineligibility to the office by reason of nonresidence in the district from which he was elected. Holding that the auditor could not question the plaintiff's right to office, the court said:

"While the precise question raised here has never been before this court, we have uniformly held that title to public office can be tried only in *quo warranto* proceedings. *State ex rel. Heilbron v. Van Brocklin,* 8 Wash. 557, 36 Pac. 495; *State ex rel. Blake v. Morris,* 14 Wash. 262, 44 Pac. 266; *Lynde v. Dibble,* 19 Wash. 328, 53 Pac. 370; *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377; *State ex rel. Dent v. McLennan,* 110 Wash. 16, 187 Pac. 408; *State ex rel. Forstell v. Otis,* 131 Wash. 455, 230 Pac. 414.

"Since relator has qualified as county commissioner of Whatcom county, first district, and has been holding such office under a certificate of election, valid on its face, his eligibility for the office cannot be challenged by appellant in these proceedings.

"Nor, for that matter, can relator's eligibility be challenged by appellant at all. For the statute (Rem. Rev. Stat., § 1035 [P. C. § 8399]) relating to the filing of an information in the nature of *quo warranto* provides that it

" ' . . . may be filed by the prosecuting attorney . . . or by any other person on his own relation, whenever he claims an interest in the office . . . which is the subject of the information.' "

Construing the phrase "whenever he claims an interest in the office" in *State ex rel. Dore v. Superior Court,* 167 Wash. 655, 9 P. (2d) 1087, the court said:

"The language of the statute, 'whenever he claims an interest in the office,' would seem to demonstrate the necessity for pleading title in the one bringing the action and seeking relief. . . . A mere citi-

zen, a voter or a taxpayer has no right to maintain such an action."

The judgment of the trial court, in so far as it dismissed the appellant's complaint with prejudice, was a proper disposition of the case, because, in so far as the question related to the organization of the utility district, the judgment was warranted by the facts. In so far as the action related to the right of the respondents to hold office, the judgment of dismissal with prejudice was proper, because, apart from the merits, the appellant had no capacity to maintain the action.

But the judgment went further and, responsive to the prayer of the cross-complaint, made an affirmative declaration that the respondents were the duly elected, qualified, and acting commissioners of the district.

We do not feel called upon to decide whether the declaratory judgment act authorizes the maintenance of a suit by a public officer to have his official title quieted. But, even if we were to assume that such a suit could be maintained, the propriety of the affirmative judgment entered here would be questionable. The dismissal with prejudice definitely foreclosed the appellant from questioning the respondents' right to office. As against the appellant, the declaratory judgment was unnecessary; as to anyone not a party to the suit, it was ineffective. The affirmative declaration of the respondents' right could add nothing to the force of the judgment of dismissal.

In the circumstances of this case, the only person competent to challenge the respondents' title is the prosecuting attorney. He, representing the state, could, upon his own relation or under direction of the court, challenge the right of the respondents. But he is not a party to the action, and the cross-complaint does not allege that he has questioned their right. On the whole,

then, there is no basis for the declaratory judgment. We deem it necessary to express these views, because we do not wish by silence to leave the impression that we tacitly approve the procedure followed.

The cause is remanded, with direction to the court to modify the judgment in accordance with the views herein expressed. The modification will not affect the taxation of costs on appeal.

BLAKE, C. J., BEALS, MILLARD, and SIMPSON, JJ., concur.