56 Wn.2d 154 (1960)
351 P.2d 525
GREEN MOUNTAIN SCHOOL DISTRICT NO. 103, et al., Appellants,
v.
R.S. DURKEE, as County Superintendent of Schools, et al., Respondents.
GREEN MOUNTAIN SCHOOL DISTRICT NO. 103, et al., Appellants,
v.
R.S. DURKEE, as County Superintendent of Schools, et al., Respondents.[1]
No. 35327.
The Supreme Court of Washington, Department Two.
May 2, 1960.
Smith Troy and Don Cary Smith, for appellants.
The Attorney General and Robert J. Doran, Assistant, R. DeWitt Jones, and Robert Harris, for respondents.
FOSTER, J.
Appellant, Green Mountain school district, appeals from a judgment affirming the order of the school superintendent of Clark county transferring a portion of its territory to the La Center school district.
The undisputed facts are: On December 3, 1958, the Clark county committee on school district organization gave notice of public hearing to the residents of the Green Mountain and La Center school districts, which meeting was held December 16, 1958. Subsequently the county committee proposed the transfer to the state board of education. After hearing by the state board, the proposal was approved on February 10, 1959, pursuant to which the Clark county superintendent *156 of schools on February 13, 1959, ordered the transfer.
Appellant school district appealed the county superintendent's order to the superior court for Clark county, which order was affirmed by that court.
No assignments of error are made to the findings of fact. Appellant states in its brief that:
"The sole question of law to be decided is whether the Clark County Committee on School District organization was at the time it initiated the transfer of territory from Green Mountain District to LaCenter District in December 1958, a properly organized and constituted committee so that its proposal of transfer was and is a lawful proposal."
RCW 28.57.030 provides in part:
"... as nearly as possible, an equal number of members shall be elected from among the residents of each class of school district (first, second, or third class) in the county...."
On December 16, 1958, the Clark county committee was composed of nine members, three having been elected from each class of school district. But prior to December 16, 1958, the date of the proposed transfer, there was a change in the classification of the third-class districts from which three members had been elected. These districts were made second class, and, therefore, at the time of the proposal, there were no members on the county committee residing in a third-class district.
[1] Appellant contends that the composition of the county committee violated RCW 28.57.030, and that, when the three members originally elected from third-class districts ceased to be residents of third-class districts by change in classification, their positions became vacant under RCW 42.12.010.[2] Therefore, appellant claims, the acts of the county committee were unlawful and void.
*157 Respondents argue, however, that this administrative appeal under the school code, RCW 28.88, is not the proper procedure by which to attack the composition of the county committee. The contention is that this appeal seeks review of an order entered by the superintendent of schools, and any question herein as to the qualification of members of the county committee is collateral. Organization of the committee may not be thus attacked in an appeal on the merits of an order respecting which the committee made a proposal. The only proper means of questioning the constitution and qualifications of the membership of a public body is a direct attack by quo warranto.
We agree. The correct and exclusive mode of attacking the composition of the county committee is by quo warranto.
Assuming, arguendo, that the three challenged members of the committee were not then legally committeemen, they were, nevertheless, de facto members.
In State v. Britton, 27 Wn. (2d) 336, 178 P. (2d) 341, this court quoted with approval from Hamlin v. Kassafer, 15 Ore. 456, 15 Pac. 778, 3 Am. St. 176, as follows:
"`... To constitute a person an officer de facto, he must be in the actual possession of the office, and in the exercise of its functions and in the discharge of its duties.... "An officer de facto," said Storrs, J., "is one who exercises the duties of an office, under color of an appointment or election to that office. He differs, on the one hand, from a mere usurper of an office, who undertakes to act as an officer without any color of right; and on the other hand, from an officer de jure, who is, in all respects, legally appointed and qualified to exercise the office...." (Plymouth v. Painter, 17 Conn. 588). The distinction, then, which the law recognizes, is that an officer de jure is one who has the lawful right or title, without the possession of the office, while an officer de facto has the possession and performs the duties under the color of right, without being actually qualified in law so to act, both being distinguished from the mere usurper, who has neither lawful title nor color of right....'" (Italics ours.)
The challenged members of the county committee were duly elected, and thus clearly acted under color of right. *158 They were, therefore, de facto officers. Appellant admits in its brief:
"... it follows that these members were mere de facto officers holding over."
In State v. Britton, supra, the appellant, who had been convicted of a crime, sought to have the judgment set aside on the ground that the trial judge had not been lawfully appointed. This court affirmed the judgment, holding that the trial judge was at least a de facto officer, and that:
"`An officer de facto must be submitted to as such until displaced by a regular direct proceeding for that purpose; Ex parte Moore, 62 Ala. 471; 4 East 327; Buncombe Turnpike Co. v. McCarson, 18 N.C. 306; he is a legal officer until ousted; Board of Auditors of Wayne County v. Benoit, 20 Mich. 176, 4 Am. Rep. 382.' 1 Bouvier's Law Dictionary (Rawle's 3d rev.) 761."
In State v. London, 194 Wash. 458, 78 P. (2d) 548, 115 A.L.R. 1255, this court approved the statement made in 2 Cooley's Constitutional Limitations (8th ed.), 1355, as follows:
"`No one is under obligation to recognize or respect the acts of an intruder, and for all legal purposes they are absolutely void. But for the sake of order and regularity, and to prevent confusion in the conduct of public business and in security of private rights, the acts of officers de facto are not suffered to be questioned because of the want of legal authority except by some direct proceeding instituted for the purpose by the State or by some one claiming the office de jure. . . In all other cases the acts of an officer de facto are as valid and effectual, while he is suffered to retain the office, as though he were an officer by right, and the same legal consequences will flow from them for the protection of the public and of third parties. This is an important principle, which finds concise expression in the legal maxim that the acts of officers de facto cannot be questioned collaterally.' ..."
The proper and exclusive method of determining the right to public office is under the quo warranto statute, the pertinent provisions of which are set out in the margin.[3]
*159 The statute corresponds to common-law quo warranto proceedings (see State ex rel. Carter v. Superior Court, 18 Wn. (2d) 130, 138 P. (2d) 843), and is a direct procedure to test the title to a public office or the right of an officer de facto to exercise the rights and functions of such office.
In Smith v. Baughman, 194 Wash. 78, 76 P. (2d) 1022, our decisions were summarized:
"... we have uniformly held that title to public office can be tried only in quo warranto proceedings. State ex rel. Heilbron v. Van Brocklin, 8 Wash. 557, 36 Pac. 495; State ex rel. Blake v. Morris, 14 Wash. 262, 44 Pac. 266; Lynde v. Dibble, 19 Wash. 328, 53 Pac. 370; Kimball v. Olmsted, 20 Wash. 629, 56 Pac. 377; State ex rel. Dent v. McLennan, 110 Wash. 16, 187 Pac. 408; State ex rel. Forstell v. Otis, 131 Wash. 455, 230 Pac. 414."
Other cases are collected in the margin.[4]
Moreover, quo warranto is not limited to conflicting claims to a public office. Clarken v. Blomstrom, 174 Wash. 612, 26 P. (2d) 87, held:
"While most, or many, of the cases arising in quo warranto present a contest between two claimants for the same office, it is not indispensable that there be a contest between two persons. In State ex rel. Forstell v. Otis, supra [131 Wash. 455, 230 Pac. 414], we said:
"`The petition here shows that the title to an office is involved, and that is a question which may arise just as well where there is only one person asserting title as where there are two.'"
*160 [2] But appellant claims that it has no remedy under the statute regulating quo warranto as to county officers. It is true, appellant cannot bring quo warranto on its own relation because it claims no interest in the offices in question. The prosecuting attorney is the proper person to bring quo warranto. Appellant could have brought the matter to his attention for appropriate action. Upon refusal, appellant could have petitioned the superior court to direct the prosecuting attorney to show cause why he should not be compelled to bring quo warranto. The court would then decide whether to order the prosecutor to file an information, which order he is required to obey (State ex rel. Gilbert v. Prosecuting Attorney, 92 Wash. 484, 159 Pac. 761), and mandamus will lie to compel his performance. State ex rel. Brown v. Warnock, 12 Wn. (2d) 478, 122 P. (2d) 472. See, also, State ex rel. Evans v. Brotherhood of Friends, 41 Wn. (2d) 133, 247 P. (2d) 787.
[3] Appellant contends, however, that the prosecuting attorney of Clark county is by law attorney for the superintendent of schools and the county committee. This creates no difficulty. If the situation arises when the prosecutor's office would have to represent both sides to a controversy, a special prosecutor could be appointed. Such is often done when the attorney general must represent both sides to a controversy, and there is no impropriety in so doing. Public officers are presumed to perform their duties properly. In the absence of proof, we cannot assume that impropriety would occur.
[4] But appellant argues that the present appeal is not only the proper but the exclusive method for challenging the committee's right to act. Reliance is placed upon the administrative appeal provided by the school code.[5]
But the school statutes do not purport to be a substitute for the common-law proceeding of quo warranto codified in RCW 7.56, which is the sole method of determining title to *161 public office. Recently, in Marble v. Clein, 55 Wn. (2d) 315, 347 P. (2d) 830, we reiterated the settled rule that "`... the common law must be allowed to stand unaltered as far as is consistent with the reasonable interpretation of the new law' ..." We there held that statutes must be construed with reference to the common law, for it must not be presumed that the legislature intended to make any innovation on the common law without clearly manifesting such intent.
There is no statutory provision which in any way expresses an intention to substitute it for quo warranto proceedings, and we would distort plain language were we to hold otherwise.
[5] The statutory appeal from an action of a county superintendent is regarded as a proceeding to review an illegal exercise of power or an abuse of discretion. Statutory authorization of an appeal to a court from an administrative officer's determination requires the court to exercise its judicial capacity with respect to acts done in excess of the officer's power, or in the unlawful abuse of that power. Appeal of Moynihan, 75 Conn. 358, 53 Atl. 903; Board of Finance v. First Nat. Bank, 71 Ind. App. 290, 124 N.E. 768; School Dist. No. 3 v. Callahan, 237 Wis. 560, 297 N.W. 407, 135 A.L.R. 1081.
[6] On such an appeal, appellant properly could introduce extrinsic evidence of a judgment in a quo warranto proceeding. But no such evidence was offered. This appeal is not a substitute or an alternative to a quo warranto proceeding to try the title to a public office. Joint School Dist. No. 5 v. Waupaca, etc. County, 271 Wis. 100, 72 N.W. (2d) 909; Zawerschnik v. Joint County School Committee, 271 Wis. 416, 73 N.W. (2d) 566.[6]
It cannot be denied that the present appeal constitutes a collateral attack on the right to hold office of three members of the county committee, and on the lawfulness of the committee's *162 acts. No direct action was ever taken by anyone, by the prosecuting attorney  either voluntarily or by court order  or by any other person on his own relation, to challenge the continuing functions of the Clark county school committee.
The judgment is affirmed.
WEAVER, C.J., HILL, FINLEY and ROSELLINI, JJ., concur.
NOTES
[1] Reported in 351 P. (2d) 525.
[2] This statute provides, in part:

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such officer.... fourth, his ceasing to be an inhabitant of the district, county, town or village for which he shall have been elected or appointed, or within which the duties of his office are to be discharged; ..."
[3] RCW 7.56.010: "An information may be filed against any person or corporation in the following cases:

"(1) When any person shall usurp, intrude upon, or unlawfully hold or exercise any public office or franchise within the state, or any office in any corporation created by the authority of the state." (Italics ours.)
RCW 7.56.020: "The information may be filed by the prosecuting attorney in the superior court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, franchise or corporation which is the subject of the information."
[4] Rodruck v. Sand Point Maintenance Commission, 48 Wn. (2d) 565, 295 P. (2d) 714; Llewellyn v. Langlie, 37 Wn. (2d) 384, 224 P. (2d) 321; State ex rel. Brown v. Warnock, 12 Wn. (2d) 478, 122 P. (2d) 472; Manlove v. Johnson, 198 Wash. 280, 88 P. (2d) 397; Clarken v. Blomstrom, 174 Wash. 612, 26 P. (2d) 87.
[5] The statutes are purportedly codified in RCW 28.88, but we find the rearrangement of the codifiers without legislative sanction. The law itself may be found in Laws of 1927, chapter 102, p. 87; Laws of 1919, chapter 90, p. 207; and Laws of 1909, chapter 97, subchapter 15, p. 362.
[6] The circumstances in these two Wisconsin cases and those in Whitmarsh v. Buckley (Tex. Civ. App.), 324 S.W. (2d) 298, are peculiarly apposite to the facts presently before us. The conclusions of the Wisconsin and Texas courts accord with our holding herein.