[Nos. 11477, 11478.  Department Two.  November 1, 1913.]

THE STATE OF WASHINGTON, *on the Relation of C. B. Lynch et al., Plaintiff*, v. ROBERT FAIRLEY *et al., Respondents*.[1]

OFFICERS—ELECTIVE OFFICERS—RECALL ELECTIONS—CONSTITUTIONAL PROVISIONS — MUNICIPAL CORPORATIONS — CHARTERS.  Since the amendment to the constitution of 1912, art. 1, §§ 33 and 34, and Laws 1913, p. 454 (3 Rem. & Bal. Code, § 4940-1 *et seq.*), enacted in pursuance thereof, relating to the recall of elective officers expressly refers to officers of cities of the first class and are general laws on the subject, they supersede the recall provisions of special charters adopted by cities of the first class; since such special charters are controlled by general laws.

Certiorari to review judgments of the superior court for Spokane county, Sullivan, J., entered August 30, 1913, deny-

[1]Reported in 136 Pac. 374.

ing writs of mandamus to compel the city council to order re-
call elections.   Affirmed.

*Burcham & Blair,* for relators.

*H. M. Stephens,* for respondents.

PARKER, J.—These actions are brought here by relators,
seeking a review and reversal of judgments of the superior
court for Spokane county, denying mandamus to compel the
city council of that city to order a recall election, submitting
to the voters the question of the recall of two of its council-
men, under the provisions of its charter.   The superior court
denied the relief prayed for, upon the ground that the recall
provisions of the Spokane charter are superseded by the pro-
visions of the amendment to the state constitution of 1912,
being §§ 33 and 34 of art. 1 thereof, and chapter 146, Laws
of 1913, page 454 (3 Rem. & Bal. Code, § 4940-1 *et seq.*),
enacted in pursuance of that amendment.   The contention
is made by counsel for relators, rested upon art. 11, § 10,
of the constitution, permitting cities of more than 20,000
inhabitants to frame and adopt charters for their own gov-
ernment, that the recall provisions of the Spokane charter,
which was framed and adopted in pursuance of art. 11,
§ 10, of the constitution, is not superseded by this amend-
ment and the law of 1913, passed in pursuance thereof, pro-
viding generally for the recall of public officers.

We agree with the learned trial court that this contention
is not well founded.   Both the constitutional amendment, and
the law of 1913 enacted in pursuance thereof, are made ap-
plicable to cities of the first class by specific reference therein
made to such cities, and constitute a general law upon the sub-
ject of the recall of officers of such cities, as well as the recall
of officers of the state and other political subdivisions of the
state.   It has become the settled law of this state that free-
hold city charters, framed in pursuance of the permission
granted by art. 11, § 10, of the constitution, are controlled

by general laws. *State ex rel. Webster v. Superior Court*, 67 Wash. 37, 120 Pac. 861. It is conceded that the petitions for recall of the city councilmen here involved do not conform to the constitutional amendment, nor to the law of 1913 enacted in pursuance thereof, neither in the allegations of cause for the recall of such councilmen nor in the number of signatures thereto required by the constitutional amendment and law of 1913; nor does the city charter of Spokane make the requirements in that regard that are found in the constitutional amendment and the law of 1913. We are of the opinion that this constitutional amendment, and law of 1913 enacted in pursuance thereof, constitute a general law upon the subject of recall of city, as well as other officers, the requirements of which must be conformed with as a prerequisite to the holding of a recall election.

Contention is made that the constitutional amendment of 1912 has not become a valid part of our constitution by reason of irregularities in its proposal and submission to the people. This question we have dealt with, and held to the contrary of such contention, in our decision just rendered in *Cudihee v. Phelps, ante* p. 314, 136 Pac. 367. We conclude that the judgments of the trial court must be affirmed.

It is so ordered.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.