[No. 11469.  Department Two.  January 24, 1914.]

O. D. TABOR, *Appellant*, v. THE CITY OF WALLA WALLA
et al., *Respondents*.[1]

OFFICERS —RECALL — STATUTES — RETROACTIVE LAWS — REMEDIES.
Since the amendment to the constitution of 1912, art. 1, §§ 33 and
34, and Laws 1913, p. 454 (3 Rem. & Bal. Code, § 4940-1 *et seq.*),
enacted in pursuance thereof, relating to the recall of elective
officers, expressly refers to officers of cities of the first class and
are general laws on the subject, they supersede the recall pro-
visions under the act of 1911.

STATUTES—TITLES AND SUBJECTS—SCOPE. The title to the act of
1911, Laws 1911, p. 504, submitting a constitutional amendment
for the recall of elective officers, is not defective or misleading
because broader than the act, in that the title refers to all public
officers and to the election of their successors; while the proposed
amendment in the body of the act excepts judges and makes no
provision for the election of successors; the title being sufficient
if it indicates to a person of ordinary intelligence the substance and
scope of the act.

CONSTITUTIONAL LAW—AMENDMENTS—PROPOSAL—PASSAGE — REQ-
UISITES—"ENTRY." Const., art. 23, § 1, requiring that amendments
to the constitution proposed by the legislature shall be agreed to
by two-thirds of the members elected to each of the two houses
and "entered on their journals" does not require the copying of
the entire proposed amendment in the journals of the Senate and
House, but is complied with by a memorandum entry by refer-
ence to the proposal, using the language of the title of the act.

Appeal from a judgment of the superior court for Walla
Walla county, Mills, J., entered July 17, 1913, dismissing a
proceeding in mandamus, upon quashing the writ. Affirmed.

*Brooks & Bartlett*, for appellant.

*John F. Watson* (*Thos. H. Brents*, of counsel), for re-
spondents.

MOUNT, J.—On May 31, 1913, a petition was filed with
the city clerk of Walla Walla, demanding the recall of the
mayor and street commissioner of that city. On June 9,

[1]Reported in 137 Pac. 1040.

1913, the city clerk attached his certificate to the petition, reciting that the petition was insufficient for the reason that there were not enough signers thereto and for other reasons.

The laws of 1913 relating to the recall of elective officers went into effect on June 12, 1913. On June 19, 1913, additional petitions were filed with the city clerk, as amendments to the original petition. On June 28th, following, the city clerk certified that these petitions were insufficient under the act of 1913.

Thereafter, on July 12th, the plaintiff petitioned the superior court for Walla Walla county for a writ of mandamus to compel the calling of an election to recall the officers. The defendants filed a motion to quash this proceeding, for the reason that it had not been commenced within time, and that the petitions upon their face were insufficient, both in form and substance. This motion was sustained, and the proceedings were dismissed. This appeal was prosecuted from that order.

The appellant apparently concedes that the petitions were insufficient under the act of 1913, Laws 1913, ch. 146, p. 454; (3 Rem. & Bal. Code, § 4940-1 *et seq.*), but argues that this proceeding is controlled by the act of 1911; first, because the act of 1913 did not supersede the act of 1911; and second, because the constitutional amendment authorizing the recall of elective officers was void because of insufficiency of the title, and because it was not passed in the method provided by law. These questions were all decided adversely to the contention of the appellant in *Cudihee v. Phelps*, 76 Wash. 314, 136 Pac. 367, and in *State ex rel. Lynch v. Fairley*, 76 Wash. 332, 136 Pac. 374.

The judgment is therefore affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.