[No. 23748. Department One. April 13, 1932.]

THE STATE OF WASHINGTON, *on the Relation of John F. Dore, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

*T. M. Royce* and *John F. Dore,* for relator.
*Colvin & Rhodes,* for respondent.

TOLMAN, C. J.—This is an original proceeding in this court to review, by writ of certiorari, a judgment denying to relator the office of mayor of the city of Seattle. The facts are not at all in dispute, and the record before us shows a situation substantially as follows:

One Frank H. Edwards became the mayor of Seattle on the first Monday in June, 1930, having been previously duly and regularly elected for the usual two-

[1]Reported in 9 P. (2d) 1087.

year term beginning on that day. In July, 1931, at a recall election regularly called and held, Mayor Edwards was recalled, and the vote having been canvassed and officially announced, the city council, on July 14, 1931, elected one Robert H. Harlin to succeed Edwards as mayor.

The next succeeding general election for mayor of Seattle occurred on March 8, 1932. Mayor Harlin and the relator were both candidates for the office at that election, and the relator having received a majority of the votes cast, he was officially declared to be elected, a certificate of election was issued to him, and he immediately qualified and made demand upon Mayor Harlin for the possession of the office. That demand being refused, the relator brought an action in the superior court in the nature of *quo warranto* to oust Mayor Harlin and to have himself declared entitled to serve as mayor during the remainder of the term of Mayor Edwards. That action was, in the superior court, disposed of on demurrer, resulting in a judgment which recites that the relator's complaint does not state facts sufficient to constitute a cause of action; that the relator has no legal capacity to maintain the action; and the action is dismissed with costs.

The arguments here have taken a rather wide range, and we have been invited to decide questions which are, perhaps, not before us, or which, at least, we find it unnecessary to now decide. In view of the desirability of an early decision, we will discuss only such matters as seem to be vital.

It is conceded that the regular term of the mayor of Seattle is two years, and if Mayor Edwards had continued in office, his term would have extended to the first Monday in June, 1932; at which time his successor, elected on March 8, 1932, would have been entitled to take office. Mayor Harlin, when he suc-

ceeded Edwards by election of the council to fill the vacancy, did not take office by virtue of the recall provisions of the city charter, because those provisions had theretofore been superseded by the statute. *State ex rel. Lynch v. Fairley,* 76 Wash. 332, 136 Pac. 374. The vacancy was caused by the recall, and when the vacancy occurred, the general provisions of the city charter providing for the filling of vacancies, however caused, came into play. That provision is:

"If any elective office become vacant, the city council shall, within twenty days thereafter, proceed to elect by ballot a person to fill such vacancy who shall possess the qualifications of the original incumbent; Provided, That if any such office shall not be filled within the time above limited, the city council shall meet and ballot at least once each day until such vacancy shall have been filled. Persons elected to fill vacancies in elective offices shall hold the office until the next regular city election, and at such election a person shall be elected to hold the office for the remainder of the term. Persons elected to fill vacancies shall qualify within the same time after their election and in the same manner as prescribed for persons elected for full terms." Charter of the City of Seattle, Art. XIX, § 8.

This charter provision is clear and explicit to the effect that the remainder of the unexpired term of Mayor Edwards might have been made the subject of an election on March 8, 1932. The record before us fails to show that any candidate filed for such unexpired term; that any notice or call was made for an election to fill such unexpired term; and it does not appear that the voters exercised their choice for one to fill such term. Hence, there was no election by the voters on March 8, 1932, on this question. *State ex rel. Sears v. Gilliam,* 93 Wash. 248, 160 Pac. 757.

It seems essential that the relator should plead some right or title in himself to the unexpired term,

in order to be heard. Unless he has some interest, he can not maintain the action under the statute. It is no doubt true that, when the sovereign, the state or its proper officer, brings an action in the nature of *quo warranto*, alleging that one is wrongfully usurping an office which belongs to another, the common law rule places the burden on the respondent to show his title to the office. But when a private individual seeks to recover an office in his own right, we think he must plead and prove title thereto in himself. Our statute relating to bringing such actions reads:

"The information may be filed by the prosecuting attorney in the superior court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, franchise, or corporation which is the subject of the information." Rem. Comp. Stat., § 1035.

The language of the statute, "whenever he claims an interest in the office," would seem to demonstrate the necessity for pleading title in the one bringing the action and seeking relief. We know of no reason why an individual plaintiff in actions of this kind, as well as in other cases, should not assume the burden of showing his title to that which he seeks to recover. A mere citizen, a voter or a taxpayer has no right to maintain such an action. It must be brought under the statute officially by the prosecuting attorney, or it must be brought by a person who claims an interest in the office; and the relator, having failed to allege facts showing that he was elected to fill the unexpired term of Mayor Edwards, has failed to show an interest in the office which he seeks.

He, as mayor-elect for the regular term to begin on the first Monday of June, 1932, has no right to ques-

tion the title of Mayor Harlin to the office of mayor in the interim. That can only be done by the prosecuting attorney or by some one who asserts an interest in the particular term now enjoyed by Mayor Harlin.

The trial court properly sustained the demurrer, and its judgment of dismissal is affirmed.

PARKER, MITCHELL, BEELER, and HERMAN, JJ., concur.