

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE DEC 1 2 2019
Fairhurst, CJ.
CHIEF JUSTICE

This opinion was
filed for record
at 8am on Dec 12, 2019
Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| EDWARD KILDUFF, | ) | No. 95937-4 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | EN BANC |
| | ) | |
| SAN JUAN COUNTY, a political | ) | |
| subdivision of the State of Washington, and | ) | |
| JAMIE STEPHENS, in his capacity as San | ) | |
| Juan County Council Member and Public | ) | |
| Records Officer, | ) | |
| | ) | Filed: DEC 1 2 2019 |
| Respondents. | ) | |
| | ) | |

YU, J. —The Public Records Act (PRA), ch. 42.56 RCW, declares that the people "do not yield their sovereignty to the agencies that serve them" or "give their public servants the right to decide what is good for the people to know and what is not good for them to know." RCW 42.56.030. Despite the burden this places on local governments, nothing in the PRA gives local governments the right to create another layer of administrative review or to require administrative exhaustion before the public may seek judicial review.

Edward Kilduff sued San Juan County for alleged violations of the PRA. In the same complaint, he brought a quo warranto[1] action against county council member Jamie Stephens, who also served as the county's public records officer, believing the offices to be incompatible. The trial court dismissed Kilduff's PRA claim on the basis that he failed to exhaust an internal administrative review procedure mandated by San Juan County Code (SJCC) 2.108.130. Finding Kilduff's quo warranto action to be frivolous, the court dismissed the claim and sanctioned Kilduff and his attorneys pursuant to CR 11 and RCW 4.84.185. Kilduff appealed directly to this court. He challenges the validity of SJCC 2.108.130, the trial court's dismissal of his PRA claim, and the sanctions award.

We reverse the trial court's dismissal of Kilduff's PRA claim and hold that public records requesters are not required to exhaust administrative remedies before filing a PRA lawsuit; therefore, SJCC 2.108.130 is invalid. We further hold that although Kilduff lacked standing to bring the ouster claim, the trial court abused its discretion when it imposed fees and sanctions pursuant to CR 11 and RCW 4.84.185. Finally, we remand the question of attorney fees to the trial court. We therefore reverse in part, affirm in part, and remand to the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

---

[1] The terms "quo warranto" and "ouster" are used interchangeably throughout this opinion.

2

A. PRA claim

On May 20, 2015, Kilduff filed a two-part PRA request stemming from a wetlands classification dispute and subsequent investigation into improper government action (IGA). He requested "'all documents, correspondence, memos, statements, reports, and other contents of the [San Juan County Department of Community Development] code enforcement file'" and "'all documents, memos, statements, reports, correspondence and other records associated with the investigation of [IGA], related to the above referenced code enforcement file.'" Clerk's Papers (CP) at 17. Public Records Clerk Sally Rogers acknowledged the request and indicated a response would follow "within the next 5-10 business days." *Id.*

On May 28, 2015, San Juan County Prosecuting Attorney Randall Gaylord called Kilduff to discuss his records request. Gaylord had previously directed the code enforcement officer to segregate the IGA file from the code enforcement file, and he testified that during the May 28 phone call, Kilduff agreed to accept the final redacted IGA report in lieu of his records request. Kilduff disputes that he agreed to limit his request, and claims he never received anything in writing memorializing the alleged modification of his request. The trial court did not make any finding as to whether Gaylord or Kilduff was more credible on this issue.

Following the phone call, Rogers produced 45 pages of documents that were responsive to the code enforcement file request and indicated that "other records associated with the investigation of [IGA]" would arrive in another two weeks. *Id.* at 19. On June 12, Rogers e-mailed Kilduff the redacted IGA report. Her e-mail stated the following:

> In final response to your public records request received on 5/20/15 for the remaining document, ("for copies of all documents, memos, statements, reports, correspondence and other records associated with the investigation of improper governmental action...)" per Randy Gaylord he spoke to you by phone it was agreed that the County would proceed with providing a copy of the final report redacted.
> . . . .
> This email response and attachment fulfills your public records request.

*Id.* at 67. Rogers did not include an exemption log or indicate that any additional responsive records existed but were withheld.

On June 1, 2016, Kilduff sued San Juan County, alleging that it violated the PRA by failing to conduct a reasonable search for responsive records and silently withholding records without an exemption. The county denied the allegations and raised the affirmative defense that Kilduff failed to exhaust administrative remedies as required by SJCC 2.108.130 and asserted that Kilduff never received a final decision concerning his records request.

SJCC 2.108.130(C) provides in relevant part that "[a]dministrative remedies shall not be considered exhausted until the prosecuting attorney has made a written

decision, or until the close of the second business day following receipt of the written request for [the prosecuting attorney's] review of the action of the public records officer, whichever occurs first." It further provides, "No lawsuit to review the action taken, compel the production of a public record, or impose a penalty or attorney fees shall be brought before the administrative remedies set out in this section have been exhausted by the party seeking the record." SJCC 2.108.130(D).

Between February and November 2017, the trial court held an evidentiary hearing on Kilduff's PRA claims. In its final order, the court found that San Juan County never issued a final decision on Kilduff's request, and therefore the court had no final decision to review. Accordingly, the court dismissed Kilduff's PRA claims with prejudice.

B.    Quo warranto claim and sanctions

In the same complaint as his PRA claim, Kilduff brought an ouster action against Stephens, who served as both a county council member and the county public records officer. Kilduff asserted that the offices were incompatible because the public records officer is appointed by the county manager, while the county manager is subservient to the county council. His prayer for relief requested that the court order Stephens to vacate his county council seat.

In response, Stephens moved to be dismissed from the suit, asserting that Kilduff did not have standing to bring a quo warranto claim. He also argued that

Kilduff's claim was frivolous and therefore warranted CR 11 sanctions and costs pursuant to RCW 4.84.185. The court dismissed Kilduff's ouster claim but reserved ruling on sanctions.

During the evidentiary hearing, Kilduff's attorneys argued that imposing sanctions would be improper, emphasizing that his ouster claim was brought in good faith and necessitated by the unique circumstances of his case. In particular, Kilduff argued that Gaylord's role in directing the segregation of the IGA file made it such that he would not bring a quo warranto claim against the county public records officer. The court disagreed, finding sanctions were warranted because Kilduff lacked standing. Although the court acknowledged that Kilduff sought to expand quo warranto standing, it ultimately held that his argument was "frivolous and advanced without reasonable cause." CP at 372. Accordingly, the court sanctioned Kilduff and his attorneys, holding them jointly and severally liable for $10,000 in costs and fees pursuant to CR 11 and RCW 4.84.185.

## ISSUES

A.   Does the PRA authorize an agency to create an internal review requirement that a requester must exhaust before filing suit?

B.   Did the trial court abuse its discretion when it awarded $10,000 in sanctions pursuant to RCW 4.84.185 and CR 11?

C.   Is Kilduff entitled to attorney fees on appeal?

## ANALYSIS

A.  SJCC 2.108.130 is invalid because the PRA does not authorize counties to require public records requesters to exhaust administrative remedies before filing suit

The PRA requires agencies to disclose public records unless the records are exempt. RCW 42.56.070(1). Agency responses to records requests must be timely. RCW 42.56.100. Further, agencies must publish substantive and procedural rules governing records requests. RCW 42.56.040(1)(c)-(d). These include providing a written explanation when a request is denied and establishing mechanisms for prompt review of denials. RCW 42.56.520(4). Such review must be completed by the end of the second business day following the denial and constitutes final agency action for the purposes of judicial review. *Id.* This provision works in tandem with RCW 42.56.550, which provides that a records requester may file suit against an agency upon denial of a public records request.

San Juan County contends that SJCC 2.108.130 is valid because RCW 42.56.520(4), .100, and .040 "delegated authority to agencies like San Juan County to manage the mechanics of disclosure." Br. of Resp't at 13. The trial court agreed that the ordinance was validly enacted pursuant to RCW 42.56.040 and .100. "We review issues of statutory meaning de novo. We also review challenges to agency actions under the PRA de novo." *City of Federal Way v. Koenig*, 167

7

Wn.2d 341, 344, 217 P.3d 1172 (2009) (citation omitted); *see also* RCW 42.56.550(3).

Contrary to the county's assertions, these provisions do not authorize agencies to create an additional layer of administrative process that must be exhausted prior to filing suit. Rather, each provision imposes duties on agencies that further the PRA's purpose of promoting access to public records. Moreover, the PRA's model rules and other secondary sources indicate that the PRA does not authorize any mandatory administrative exhaustion requirement prior to filing suit. Therefore, we hold that SJCC 2.108.130 is invalid, and the dismissal of Kilduff's PRA claim was improper.

1.    RCW 42.56.520 requires prompt responses to public record requests

To support its theory that the PRA permits agencies to mandate administrative exhaustion, San Juan County first cites to RCW 42.56.520(4). Entitled "Prompt responses required," the provision requires agencies to establish mechanisms for prompt review of denials. Further, review "shall be deemed completed at the end of the second business day following the denial of inspection and shall constitute final agency action . . . for the purposes of judicial review." RCW 42.56.520(4).

San Juan County contends that its ordinance "satisfies this mandate by establishing a clear procedure for review within the two-day deadline." Br. of

Resp't at 14. The county further asserts that the ordinance "reinforce[s] the County's willingness to do more *once Mr. Kilduff asked.*" *Id.* at 16. San Juan County thus argues that a "denial" pursuant to RCW 42.56.520(4) does not occur until the prosecutor receives a request to review the public records officer's decision. SJCC 2.108.130(C). In other words, a records requester must wait an indeterminate amount of time for responsive records and hope that the county has fully complied with their request. All the while the county is protected from liability because it is no longer responsible for producing public records in a timely manner; it is the requester who must ask for more, without necessarily knowing which records they are owed. We reject this reading of RCW 42.56.520(4). To do otherwise would allow agencies to rewrite the statute so that a failure to produce records is not truly a denial for the purposes of judicial review until a secondary layer of review has occurred. Indeed, it is questionable whether an agency could be held liable for silently withholding records under this reading of the statute.

The county further relies on *Hobbs v. Washington State Auditor's Office* to argue that Kilduff's lawsuit was premature because he did not receive a final denial. 183 Wn. App. 925, 335 P.3d 1004 (2014). Examining RCW 42.56.520, the *Hobbs* court held that "before a requester initiates a PRA lawsuit against an agency, there must be some agency action, or inaction, indicating that the agency will not be providing responsive records." *Id.* at 936. But the facts in *Hobbs* are

markedly different from this case and do not support the county's theory that there is no final agency action until administrative exhaustion occurs.

There, the agency informed Hobbs that his request would be processed in installments. Two days after receiving the first installment, Hobbs filed suit, alleging PRA violations. Hobbs argued that a requester could file suit *"prior* to an agency's denial and closure of a public records request." *Id.* at 935. Rejecting this theory, the court explained that "a denial of public records occurs when it reasonably appears that an agency will not or will no longer provide responsive records." *Id.* at 936. In this case, by contrast, it reasonably appeared that the county would no longer provide responsive records when Rogers communicated, "This email response and attachment fulfills your public records request." CP at 67. As far as we are concerned, that communication constituted final agency action for judicial review purposes.

San Juan County contends that it never actually refused Kilduff's request and that "[i]f he wanted more, all he had to do was ask." Br. of Resp't at 19. However, RCW 42.56.520 does not permit a mandatory administrative appeals process after final agency action has occurred. Our ruling in *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d 243, 884 P.2d 592 (1994) (plurality opinion) (*PAWS*), supports this position. There, we said that former RCW 42.17.320, now codified as RCW 42.56.520, "encourages prompt internal

agency review of actions taken by an agency's public records officer. It also provides that, *regardless of internal review*, initial decisions become final for purposes of judicial review after 2 business days." *Id.* at 253 (emphasis added).

We do not reach the merits of Kilduff's PRA claim; rather, we hold that for the purposes of judicial review, final agency action occurred when Rogers communicated, "This email response and attachment fulfills your public records request." CP at 67. RCW 42.56.520 does not authorize San Juan County to redefine final agency action by ordinance. Accordingly, we reject the county's reliance on RCW 42.56.520.

2.      RCW 42.56.100 requires agencies to protect access to public records

Next, the county points to the PRA's provision governing "Protection of public records—Public access" to argue that its ordinance is valid. RCW 42.56.100 requires agencies to "adopt and enforce reasonable rules and regulations . . . consonant with the intent of this chapter to provide full public access to public records . . . . Such rules and regulations shall provide for the fullest assistance to inquirers and the most timely possible action on requests for information."

San Juan County contends that its ordinance "fulfilled this requirement by describing how a requester receives a final decision from the County on a records request," and "reinforces the Act by providing requesters with an additional tool to obtain records promptly." Br. of Resp't at 14. This "additional tool" is, in fact, an

11

impediment to the PRA's guaranty of judicial review; failure to submit a review request to the prosecutor effectively prohibits a requester from filing a lawsuit. SJCC 2.108.130(D).

Moreover, although RCW 42.56.100 permits agencies to adopt reasonable rules and regulations, we have long held that regulations that conflict with statutes are void. *Tesoro Ref. & Mktg. Co. v. Dep't of Revenue*, 164 Wn.2d 310, 324, 190 P.3d 28 (2008) (plurality opinion). As stated above, SJCC 2.108.130 directly contravenes RCW 42.56.520(4) by redefining what constitutes final agency action for the purposes of judicial review. Therefore, RCW 42.56.100 does not authorize the county to promulgate rules that undermine the express intent of the PRA and delay timely action on requests.

Furthermore, our cases emphasize the importance of speedy review of PRA claims. We have stated that the PRA's judicial review provision "'provides a speedy remedy for a requestor to obtain a court hearing on whether the agency has violated [RCW 42.56.550]. The purpose of the quick judicial procedure is to allow requestors to expeditiously find out if they are entitled to obtain public records.'" *O'Neill v. City of Shoreline*, 170 Wn.2d 138, 153, 240 P.3d 1149 (2010) (alteration in original) (quoting WAC 44-14-08004(1)). It does not follow that the PRA would permit agencies to draw out what is meant to be an expeditious process.

San Juan County also asks us to apply the doctrine of administrative remedies to the PRA, arguing that the doctrine complements agencies' authority to adopt and enforce reasonable regulations. However, administrative exhaustion is appropriate only where an agency "'possess[es] expertise in areas outside the conventional expertise of judges,'" such as land use cases. *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 641, 310 P.3d 804 (2013) (quoting *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997)). Contrary to the county's assertions, producing public records does not involve any special expertise that is beyond the experience of judges.

The purpose of RCW 42.56.100 is to protect and facilitate timely access to public records. SJCC 2.108.130 undermines this process by drawing out the disclosure timeline mandated by the PRA. Further, the exhaustion doctrine is inappropriate here because responding to public records requests does not implicate agency expertise. RCW 42.56.100 thus does not delegate authority to agencies to create an administrative exhaustion requirement prior to filing a PRA suit.

3.     RCW 42.56.040 requires agencies to publish rules and regulations

Third, San Juan County cites RCW 42.56.040 to support its position. Entitled "Duty to publish procedures," this provision requires agencies to publish procedural and substantive rules implementing the PRA. RCW 42.56.040(1)(c)-

13

(d). These rules include general policy statements and interpretations adopted by the agency. RCW 42.56.040(1)(d).

According to the county, it "complied by adopting and publishing SJCC 2.108.130, governing review of any alleged denial of access to a document." Br. of Resp't at 13. As the title suggests, the statute's purpose is to impose a *duty* on agencies to publish rules and procedures, not to delegate authority to the same agencies to create another layer of review.

Indeed, we have described this statute as "requir[ing] agencies to facilitate the full disclosure of public records to interested parties through published methods and rules of disclosure." *Ameriquest Mortg. Co. v. Office of Att'y Gen.*, 177 Wn.2d 467, 486, 300 P.3d 799 (2013); *see also Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013). Accordingly, RCW 42.56.040 does not authorize agencies to create an administrative exhaustion requirement.

> 4.     Model rules and secondary sources strongly indicate that an agency cannot require administrative exhaustion as a prerequisite to filing a PRA suit

Not only do none of the statutes that San Juan County cites support its position, but the PRA's model rules directly contradict that position. WAC 44-14-080(4) expressly permits "court review of denials of public records requests pursuant to RCW 42.56.550 at the conclusion of two business days after the initial denial *regardless of any internal administrative appeal*." (Emphasis added.)

Although the model rules are advisory only and nonbinding, this court has repeatedly cited to the rules when interpreting provisions of the PRA. *See City of Lakewood v. Koenig*, 182 Wn.2d 87, 101, 343 P.3d 335 (2014) (Madsen, C.J., dissenting); *O'Neill*, 170 Wn.2d at 153; *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 539, 199 P.3d 393 (2009).

The Washington State Bar Association's *Public Records Act Deskbook* also supports the view that agencies cannot require administrative exhaustion as a prerequisite to suit. Under the "Internal appeals" section, the *Deskbook* explains that "a requestor cannot be required to use an agency's internal review process or agree to allow an agency to take more than two days to review its original denial." WASH. STATE BAR ASS'N, PUBLIC RECORDS ACT DESKBOOK: WASHINGTON'S PUBLIC DISCLOSURE AND OPEN PUBLIC MEETINGS LAWS § 6.9(2), at 6-58 to 59 (2d ed. 2014).

Amici supporting San Juan County argue that "administrative review procedures—like the County's—are consistent with, and indeed expressly contemplated by, the PRA." Br. of Amici Curiae Wash. Ass'n of Counties, Ass'n of Wash. Cities, Ass'n of Wash. Cities Risk Mgmt. Serv. Agency & Wash. State Transit Ins. Pool at 3. But amici cite no part of the PRA beyond the three provisions already raised by San Juan County and discussed above. Moreover, the fact that many state agencies "have adopted administrative review procedures that

are identical in either form or function to the County's" does not legitimize the "additional layer of review." *Id.* at 5.

In sum, San Juan County's reading of RCW 42.56.520, .040, and .100 undermines the purpose of the PRA. Far from authorizing agencies to create an internal barrier to judicial review, these three provisions are meant to further the interests of the people to receive "full access to information concerning the conduct of government on every level," not the interests of "the agencies that serve them." RCW 42.17A.001(11); RCW 42.56.030. To be clear, the PRA's "mandate of liberal construction requires the court to view with caution any interpretation of the statute that would frustrate its purpose." *Am. Civil Liberties Union v. Blaine Sch. Dist. No. 503*, 86 Wn. App. 688, 693, 937 P.2d 1176 (1997).

SJCC 2.108.130's administrative exhaustion requirement is not authorized by any provision of the PRA, undermines the PRA's purposes, and is contrary to the PRA model rules. We therefore hold that the ordinance is invalid. Accordingly, the trial court erred when it dismissed Kilduff's PRA claim on the grounds that there was no final agency action for the court to review. We therefore reverse the trial court and remand for further proceedings on Kilduff's PRA claim.

B.     The trial court abused its discretion when it imposed sanctions pursuant to CR 11 and RCW 4.84.185

The trial court awarded San Juan County a total of $10,000 after finding that Kilduff's ouster claim was "frivolous and advanced without reasonable cause." CP

16

at 372. Sanctions awarded pursuant to RCW 4.84.185 and CR 11 are reviewed for abuse of discretion. *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998).

At this stage, it is undisputed that the trial court correctly dismissed Kilduff's quo warranto claim for lack of standing. That being said, costs may not be imposed pursuant to RCW 4.84.185 unless the entire case is deemed frivolous. Consequently, even though the trial court determined Kilduff's quo warranto claim was frivolous, his PRA claim was not, so the trial court abused its discretion when it granted a fee award pursuant to the statute. Furthermore, CR 11 sanctions were not warranted because Kilduff's ouster claim was brought as a good faith effort to modify existing law regarding quo warranto standing. Therefore, the trial court abused its discretion when it sanctioned Kilduff and his attorneys.

1.    The trial court properly dismissed Kilduff's quo warranto claim for lack of standing

Washington law has consistently held that the "proper and exclusive method of determining the right to public office," including "questioning the constitution and qualifications of the membership of a public body[,] is a direct attack by *quo warranto.*" *Green Mountain Sch. Dist. No. 103 v. Durkee*, 56 Wn.2d 154, 157-58, 351 P.2d 525 (1960). RCW 7.56.020 provides quo warranto standing requirements:

17

> The information may be filed by the prosecuting attorney in the superior court of the proper county, upon his or her own relation, whenever he or she shall deem it his or her duty to do so, or shall be directed by the court or other competent authority, or by any other person on his or her own relation, whenever he or she claims an interest in the office, franchise, or corporation which is the subject of the information.

This court interpreted RCW 7.56.020 as having "established two types of quo warranto actions . . . a public quo warranto action brought by the prosecutor, and a private quo warranto action available only where the petitioner can assert and prove a special interest in the office." *Quick-Ruben*, 136 Wn.2d at 896. Further, we have clarified that the interest must be a "special interest," one that is "not an interest in common with other citizens, for the protection of that interest is already provided for in the first part of the section." *Mills v. State ex rel. Smith*, 2 Wash. 566, 572-73, 27 P. 560 (1891) ("It is difficult to see what interest the mayor has in the office of a city councilman that any other citizen has not. He is interested in the rightful administration of the laws, but so is every other citizen."). Indeed, "[a] mere citizen, a voter or a taxpayer has no right to maintain such an action." *State ex rel. Dore v. Superior Ct. for King County*, 167 Wash. 655, 658, 9 P.2d 1087 (1932).

If a private citizen lacks standing to bring a quo warranto action absent a special interest in the office, their remedy is to approach the county prosecutor or seek a writ of mandamus. Kilduff conceded he could have brought a writ of mandamus but instead opted to seek a modification of the law. Accordingly, the

18

trial court properly identified Kilduff's claim as a private quo warranto action, applied the correct standard, and rightly determined that Kilduff lacked standing.

> 2. Awarding costs pursuant to RCW 4.84.185 was improper because the trial court did not find Kilduff's entire suit to be frivolous

RCW 4.84.185 authorizes a trial court to award reasonable attorney fees incurred in opposing an action deemed "frivolous and advanced without reasonable cause." However, a court may not award fees in accordance with this statute unless the *entire* lawsuit meets this standard. *Biggs v. Vail*, 119 Wn.2d 129, 133, 830 P.2d 350 (1992) (holding the trial court erred in awarding fees because only three of the four claims for relief were found to be frivolous).

Here, the trial court found only Kilduff's quo warranto claim to be frivolous, not his PRA claim. Our precedent is clear that the entire lawsuit must be frivolous before awarding costs pursuant to RCW 4.84.185. Moreover, the trial court erred in holding Kilduff's attorneys jointly and severally liable for costs pursuant to RCW 4.84.185. We explained the difference between RCW 4.84.185 and CR 11 sanctions in *Biggs v. Vail*:

> The frivolous lawsuit statute has a very particular purpose: that purpose is to discourage frivolous lawsuits and to compensate the targets of such lawsuits for fees and expenses incurred in fighting meritless cases. The statute is not to be used in lieu of more appropriate pretrial motions, CR 11 sanctions or complaints to the bar association. The statute provides for the nonprevailing *party*, not that party's *attorney*, to pay attorneys' fees and costs.

19

119 Wn.2d at 137. It follows that the trial court abused its discretion when it held

Kilduff's attorneys jointly and severally liable for costs pursuant to RCW

4.84.185.[2]

3.  Awarding CR 11 sanctions was improper because Kilduff made a good faith argument to reexamine standing requirements in quo warranto actions

CR 11 sanctions are appropriate when a litigant "fil[es] a claim for an

improper purpose, or if the claim is not grounded in fact or law and the signing

litigant failed to conduct a reasonable inquiry." *In re Recall of Piper*, 184 Wn.2d

780, 787, 364 P.3d 113 (2015). We have explained the purpose of CR 11 "is to

deter *baseless* filings and to curb abuses of the judicial system . . . However, the

rule is not intended to chill an attorney's enthusiasm or creativity in pursuing

factual or legal theories." *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219, 829

P.2d 1099 (1992). This includes advocacy "'on behalf of individuals seeking to

have the courts recognize new rights.'" *Id.* (quoting *Townsend v. Holman*

*Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990)).

Here, the trial court found that Kilduff's quo warranto claim "was not well

grounded in fact nor warranted by existing law or a good faith argument for the

extension, modification or reversal of existing law." CP at 372. Kilduff conceded

---

[2] Notwithstanding the above, trial courts retain inherent authority to impose sanctions pursuant to CR 11, which need not be tied to the merits of a claim or to RCW 4.84.185.

that he did not meet the statutory standing requirements. However, he has consistently maintained that his ouster action was driven by his desire to remedy what he believed to be incompatible offices. Furthermore, Kilduff believed that no other avenue was available to raise the question because Gaylord personally ordered the code enforcement officer to segregate the IGA file, subject to Kilduff's records request. This challenge necessitated an attempt to modify quo warranto standing to enable private citizens to remove a public official from office.

Kilduff's good faith attempt to modify quo warranto standing does not succeed. *See Green Mountain Sch. Dist. No. 103*, 56 Wn.2d at 160 (explaining that a private citizen seeking to remove a public official from office should have petitioned the superior court to direct the prosecutor to bring a quo warranto action). However, his good faith attempt to advance the law should not have been sanctioned. We therefore hold that the trial court erred in awarding CR 11 sanctions.

C.    Kilduff is not yet entitled to attorney fees on appeal

Kilduff seeks attorney fees on appeal pursuant to RCW 42.56.550(4), which provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

21

We have held that "where further fact finding is necessary to determine whether the PRA was violated, the question of attorney fees should be remanded to the trial court." *O'Neill*, 170 Wn.2d at 152. The merits of Kilduff's PRA claim have not yet been resolved, so his request for attorney fees is premature; the question of fees is reserved for the trial court on remand.

## CONCLUSION

We hold that an agency does not have authority to impose an administrative exhaustion requirement before a requester files suit pursuant to the PRA. Accordingly, SJCC 2.108.130 is invalid, and the trial court erred in dismissing Kilduff's PRA claim. Further, we hold that the trial court abused its discretion when it imposed fees and sanctions pursuant to CR 11 and RCW 4.84.185. Finally, we remand the question of attorney fees to the trial court. We therefore reverse in part, affirm in part, and remand to the trial court for further proceedings consistent with this opinion.

_____

WE CONCUR:

Fairhurst, C.J.
_____

Johnson, J.
_____

Madsen, J.
_____

Owens, J.
_____

Stephens, J.
_____

González, J.
_____

Gordon McCloud, J.
_____

Wiggins, J.
_____